***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
Based upon the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACTS
1. Plaintiff, in his affidavit, alleges negligence on the part of Lt. Brown and Lt. Raynor, both employees of the Department of Correction. Plaintiff states that on March 6, 2000, through May 17, 2000, he was taken out of Central Prison Hospital where he was housed for medical treatment for a massive knee injury. At Central, plaintiff had available to him handicap facilities. Plaintiff was taken to the regular prison unit where there were no facilities for one with disabilities. At the regular prison unit plaintiff suffered pain, swelling, and other inconveniences as he underwent his daily personal routine.
2. As a result of not having the handicap facilities available to him, plaintiff filed a claim for damages seeking more than $10,000.00.
3. The Department of Corrections has a duty to provide reasonable facilities to the inmates. By way of background, on March 6, 2000, Nurse Thrower, Lt. Brown, and Lt. Raynor cleared plaintiff for the regular unit. On March 8, 2000, the doctor ordered a handicap unit facility for plaintiff. On April 16, 2000, plaintiff was put back into the non-handicap unit contrary to the doctor's instructions.
 ***********
Based on the foregoing Findings of Facts, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The State is liable in tort only as provided in the Tort Claims Act. Nello L. Teer Company v. State Highway Commission, 265 N.C. 1,143 S.E.2d 247 (1965). Plaintiff has the burden to prove all elements of negligence on the part of an alleged employee of defendant named in the affidavit of claim. N.C. Gen. Stat. §§ 143-291, 143-297.
2. The State owed a reasonable duty of care to plaintiff to house him in the facilities recommended by his doctor. Lt. Brown, and Lt. Raynor were negligent in ordering plaintiff to be placed in a regular unit contrary to the orders of plaintiff's doctor. To recover on a negligence claim, a plaintiff must allege and prove that a plaintiff was owed a certain duty and that the duty was breached and the breach proximately and foreseeably caused the plaintiff's injury. Bolkir v. NCSU,321 N.C. 706, 365 S.E.2d 898 (1988).
3. Plaintiff has suffered nominal damages for pain, swelling and other inconveniences as a result of the Department of Corrections' failure to place him in handicap housing as prescribed by plaintiff's doctor and $100.00 is a reasonable award for plaintiff's pain and suffering. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay damages to plaintiff in the amount of $100.00. This amount shall be placed in plaintiff's trust account as required by the Department of Correction.
2. Defendant shall pay the costs due the Commission.
This the 17th day of September 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER